320 F.Supp.2d 884 (2004)
Margaret A. THOMECZEK, Plaintiff,
v.
Les BROWNLEE, Acting Secretary of the Army, Defendant.
No. 4:03 CV 788 DDN.
United States District Court, E.D. Missouri, Eastern Division.
April 29, 2004.
*885 Robert J. Thomeczek, Thomeczek Law Firm, St. Louis, MO, for Plaintiff.
Maria C. Sanchez, Office of U.S. Attorney, St. Louis, MO, for Defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court on the motion of defendant Acting Secretary of the Army Les Brownlee to dismiss or, in the alternative, for summary judgment. (Doc. 23.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Oral argument was heard on April 2, 2004.

I. BACKGROUND
On June 12, 2003, plaintiff Margaret A. Thomeczek commenced this action against the United States Department of the Army, the U.S. Army Reserve Personnel Command, and Acting Secretary of the Army Les Brownlee,[1] asserting a claim under the Equal Pay Act (EPA) provisions of the Fair Labor Standards Act, 29 U.S.C. § 206. She alleges that, as Acting Director of Personnel Records, she was paid less than three male employees who had served as Director of Personnel Records and had performed the same duties under working conditions similar to hers. Specifically, she maintains that they were paid at a GS-14 grade level, whereas she was paid at a GS-13 level. For relief, she seeks judgment in the amount of the unpaid differential due under § 206, an amount equal to wages and benefits lost, liquidated damages for willful violations of the EPA, attorney fees and costs, and any other relief the court deems proper. (Doc. 1.)
In a previous motion to dismiss or, in the alternative, for summary judgment, the government argued that the court lacked subject matter jurisdiction because plaintiff was seeking money damages which  although not specifically pleaded in her complaint  exceeded $10,000, thereby exceeding this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491. (Doc. 7.) After a hearing plaintiff filed a waiver of recovery in excess of $10,000 (Doc. 20), which the government does not oppose (Doc. 21). Therefore, this court has subject matter jurisdiction over the action.
In the instant motion, the government seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) on the bases that the court lacks jurisdiction over all claims accruing before June 12, 2000, because of the EPA's two-year statute of limitations for claims not involving willful violations of the EPA.[2] The government argues that the EPA's three-year statute of limitations for willful violations in inapplicable. It maintains she cannot prove willfulness because it (1) carefully considered her demands for greater payment and determined that neither law nor regulation permitted the raise she demanded, (2) this determination was based on the circumstances of the impact of agency reorganization on plaintiff's position and request, as well as an analysis of her job responsibilities and duties in her position, and (3) even sought legitimate methods to provide her additional monies for her work during the period in question but determined that such were not available. Alternatively, the government seeks summary judgment because plaintiff failed *886 to bring her claim within the applicable statute of limitations and has failed to place at issue any material facts between the parties. (Doc. 25.)
In support, the government has proffered evidence that plaintiff had filed against it an administrative complaint of sex discrimination on the bases, inter alia, that she was denied a temporary promotion to GS-205-14 for the period of June 2, 1998, to June 13, 2000, and that the government did not pay her as a GS14. (Id. Ex. B.) The government also attaches a letter by which plaintiff offered to settle her sex-discrimination claim. This letter also refers to the period of June 2, 1998, to June 13, 2000, and requests back pay of $14,757.60. (Id. Ex. A.)
Finally, the government includes a sworn statement by Human Resource Manager Frank J. Waldron that was part of the investigative file for plaintiff's sex-discrimination claim. He (1) described how job duties were classified, (2) stated that a "misassignment" can occur when an employee is performing duties outside her job description for more than 120 days, and (3) stated that the Civilian Personnel Advisory Center (CPAC) had researched the issue of back pay and found that under 5 U.S.C. § 5596 (the Back Pay Act),[3] related Comptroller General decisions, and personnel regulations she was not entitled to back pay. Asked whether he believed plaintiff was subjected to discrimination concerning her compensation for service as the Director, Records Management Directorate, Waldron responded,
No. My view of the situation is that when the CIO [(Chief Information Officer)] assumed control over RMD [(Records Management Directorate)], the CIO supervisor did not take the action to document the de facto detail of [plaintiff] to the duties she was required to perform. While this action is not good personnel management there is no evidence that it is discrimination. [Her] current position is as a GS-13 and since it has been established that the duties [she] performed on her de facto detail have been classified at the GS-13 level she is not entitled to back pay for them at the GS-14 level. A GS-13 employee is appropriately compensated when they are detailed to duties classified at the GS-13 level or lower. Since [she] performed duties that have been classified at the GS-13 level then she was appropriately paid and is not entitled to GS-14 compensation.
(Id. Ex. C at 337.)
Waldron also indicated that one of plaintiff's claims involved management officials not reviewing the accuracy of the duties of the GS-14 Director of RMD position which remained unchanged after the previous director died. Waldron believed that plaintiff's argument was not relevant because managers may have vacant positions with outdated or inaccurate job descriptions on their books due to not addressing them when a vacancy occurs; management is required to submit an accurate job description for classification when it initiates a personnel action to fill the position. Thus, he believed that, if a personnel action had been initiated to fill Slaznick's vacancy, the job description would have been abolished and a new one created, and it would have been classified at the GS-13 level because it would have contained the duties performed by plaintiff as the Acting Director. (Id. at 338.)
*887 At the hearing before the court on this motion, plaintiff agreed that the relevant, historical facts were without substantial dispute. She agrees with the government that the period in question is that of June 2, 1998, to June 13, 2000. But she disputes that the government carefully considered her demands for greater payment. She maintains that the government's reliance on the Back Pay Act was improper, because that statute permits recovery only where the employee suffers injury from wrongly reduced or improperly calculated pay. Thus, she contends that the government, by failing to consider whether the EPA prohibited its conduct, showed reckless disregard toward her. She also argues that the impact of any agency reorganization or the label placed on the work performed does not control, as the EPA depends on the actual requirements and performance of her job compared to substantially equal jobs performed by male employees. She further maintains that the government acted recklessly because, when it investigated her allegations, it failed to submit a formal "Position Description" and instead provided a classification specialist with only a submission of plaintiff's statement of duties. Thus, she contends that the defendant's review of her duties was flawed. (Doc. 31 & Exs.)

II. DISCUSSION
This court must grant summary judgment if the pleadings and showing of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Pico, 457 U.S. at 863, 102 S.Ct. 2799. Once a motion is properly made and supported, the non-moving party may not rest upon the allegations in her pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir.2003); Johnson v. Crooks, 326 F.3d 995, 1006 (8th Cir.2003).
The nonmoving party must present admissible evidence from which a reasonable jury could return a verdict in its favor. This requires more than a scintilla of evidence, and there must be specific facts set forth showing that there is a genuine issue for trial.
Davis v. Fleming Cos. 55 F.3d 1369, 1371 (8th Cir.1995).
Under the EPA, an employer is proscribed from discriminating by paying wages to employees of one gender, on the basis of that gender, at a rate less than that paid to employees of the other gender who are performing equal work on jobs that require equal skill and responsibility. 29 U.S.C. § 206(d)(1); Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 351 (4th Cir.1994). The EPA provides a general two-year statute of limitations following the accrual of a cause of action, as well as a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). A violation is willful only if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). "The Equal Pay Act is violated each time an employer presents an `unequal' paycheck to an employee for equal work." Gandy v. Sullivan County, 24 F.3d 861, 864 (6th Cir.1994).
*888 Plaintiff filed her complaint on June 12, 2003. The record is undisputed that she received two paychecks after June 12, 2000, for work performed before June 12, 2000, and has not provided evidence that she received any other paychecks after June 12, 2000, for work performed before that date. This action is entirely time-barred under the two-year limitation; with the benefit of the three-year statute of limitations, her claim is time-barred but for the two June 2000 paychecks. See id. at 863 ("Claims arising under the Equal Pay Act must be filed within three years of the accrual of the cause of action, and plaintiffs may recover for unpaid wages for up to three years prior to the filing of the action when the employer's violation of the Act is found to be willful."); Inglis v. Buena Vista Univ., 235 F.Supp.2d 1009, 1019, 1028 (N.D.Iowa 2002) ("Because pay claims do give rise to a cause of action each time they occur and are easily identifiable, it is not unreasonable to expect a plaintiff to file a charge of discrimination within the limitations period, so long as she is aware of the discrimination."); cf. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 102, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and "are not actionable if time barred, even when they are related to acts alleged in timely filed charges."); Tademe v. Saint Cloud State Univ., 328 F.3d 982, 989 (8th Cir.2003) (assuming, in Title VII case, that the employee's claim of salary discrimination was timely because his EEOC charge was filed within 300 days of receiving allegedly discriminatory paychecks).
Summary judgment is proper as to the entire complaint, because plaintiff has not created a genuine issue of material fact over the existence of willfulness. Her argument that the government relied on the wrong statute in justifying its actions by itself may show negligence, but would not support a finding of reckless disregard and does not create a genuine issue of material fact. Cf. E.E.O.C. v. Cherry-Burrell Corp., 35 F.3d 356, 364 (8th Cir.1994) (that the employer was aware of the existence of the EPA and its potential applicability is not enough to show willfulness; negligent conduct which does not show reckless disregard for the matter of whether its conduct was prohibited is insufficient to establish willfulness).
Moreover, not only has plaintiff failed to establish a genuine issue of material fact of willfulness related to the government's review of her duties after the two June 2000 paychecks were presented, she also has failed to produce any evidence of her employer's state of mind at the time those paychecks were issued to her. Because plaintiff is entitled to only the two-year limitations period, her entire complaint is time-barred. See 29 U.S.C. § 255(a).
An appropriate order shall accompany this memorandum.

ORDER
In accordance with the memorandum issued herewith,
IT IS HEREBY ORDERED that the United States Department of the Army and the United States Army Reserve Personnel Command are dismissed as defendants. Les Brownlee, Acting Secretary of the Army, shall remain as the only defendant.
IT IS FURTHER ORDERED that the motion of defendant Acting Secretary of the Army Les Brownlee to dismiss or, in the alternative, for summary judgment (Doc. 23), is sustained such that summary judgment is granted.
*889 IT IS FURTHER ORDERED that the case is dismissed with prejudice.
NOTES
[1] The court will dismiss the Department of the Army and the Reserve Personnel Command as defendants. Acting Secretary of the Army Les Brownlee is the only appropriate defendant for plaintiff's claim. See 29 U.S.C. § 203(d).
[2] The parties agree that, for work performed before June 18, 2000, plaintiff received two paychecks after June 12, 2000, i.e., on June 15 and 29, 2000.
[3] The Back Pay Act provides remedies to "[a]n employee of an agency who ... is found ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee." 5 U.S.C. § 5596(b)(1).